**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NICHOLAS E. DIBS, | No. 13-55311 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-04858-DSF-JEM |
| v. | |
| NORWALK-LA MIRADA UNIFIED SCHOOL DISTRICT; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted April 13, 2016**

Before:     FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Nicholas E. Dibs appeals pro se from the district court's judgment in his 42
U.S.C. § 1983 action alleging constitutional and state law claims arising from his
termination as a substitute teacher.  We have jurisdiction under 28 U.S.C. § 1291.

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Corales v. Bennett*, 567 F.3d 554, 562 (9th Cir. 2009) (summary judgment). We may affirm on any basis supported by the record, *Corales*, 567 F.3d at 562, and we affirm.

The district court properly dismissed Dibs's substantive due process claim because Dibs failed to allege facts sufficient to show that he was deprived of any property interest. *See* Cal. Educ. Code § 44953 ("Governing boards of school districts may dismiss substitute employees at any time at the pleasure of the board."); *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) (explaining that "[t]o establish a substantive due process claim, a plaintiff must . . . show a government deprivation of life, liberty, or property[,]" and that "[i]n California, the terms and conditions of public employment are generally fixed by statute . . . not by contract (even if one is involved)" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by dismissing Dibs's due process claim without leave to amend because further amendment would have been futile. *See Cervantes*, 656 F.3d at 1041 (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

13-55311

Summary judgment on Dibs's First Amendment claim was proper because Dibs failed to raise a genuine dispute of material fact as to whether his speech to students in his class was anything other than speech as a public employee. *See Johnson v. Poway Unified Sch. Dist.*, 658 F.3d 954, 961-62 (9th Cir. 2011) (setting forth five-step inquiry for measuring the legality of the government's curtailment of employee speech in the workplace and explaining that failure to meet one step ends the inquiry); *id.* at 957 (holding no First Amendment violation because when "a high school . . . teacher[] goes to work and performs the duties he is paid to perform, he speaks not as an individual, but as a public employee").

We reject as unsupported Dibs's contention that the district court failed to conduct a de novo review of the magistrate judge's recommendations.

**AFFIRMED.**